**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SAMUEL SULLIVAN, JR. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-12-1812 |
| | * | Criminal No. JFM-10-0223 |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | ****** | |

**MEMORANDUM**

Samuel Sullivan, who pled guilty to armed bank robbery and using a firearm during a

crime of violence, has filed this motion under 28 U.S.C. §2255.  The motion will be denied.  I

will very briefly discuss the two contentions made by Sullivan and my reasons for rejecting

them.

I.  Counsel Was Ineffective in Not Requesting a Downward Departure
    for Diminished Capacity

Sullivan contends that his counsel should have filed a motion for diminished capacity

because his involvement in another homicide caused him to "blank out" at times and resulted in

his taking Prozac and being seen by a psychiatrist.  As an initial matter Sullivan's present

contentions are inconsistent with his presentence report which states that he has never been

prescribed medication for mental health issues and that he had not been seen by a psychiatrist or

psychologist.  Moreover, there are two legal defects in Sullivan's contentions.  First, the crimes

of which Sullivan was convicted were violent in nature and therefore the downward departure for

diminished capacity was not available to him.  *See* U.S.S.G. §5K2.13.  In any event, given the

nature of the crimes he committed, even if he was entitled to a downward departure for

diminished capacity, I would have imposed a variant sentence in excess of the Guidelines

pursuant to 18 U.S.C. §3553 because of the nature of the crimes Sullivan committed.

II. <u>Failure to Request that Sullivan be Incarcerated at the BOP Facility in Cumberland, Maryland</u>

Sullivan complains that his lawyer was ineffective in not requesting that he be

incarcerated at the BOP facility in Cumberland, Maryland. The short answer to this contention is

that the authority to determine the facility at which a prisoner is to be incarcerated rests with the

Bureau of Prisons, not the sentencing court. 18 U.S.C. §3621(b).

A separate order denying Sullivan's motion is being entered herewith.


Date: September 26, 2012 ___/s/_____
J. Frederick Motz
United States District Judge